UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**FILED**

2019 JAN 18  P 1: 26

U.S. DISTRICT COURT
NEW HAVEN, CT.

IN RE: CONSOLIDATED APPLICATION )
OF THE UNITED STATES OF AMERICA )
FOR FOUR ORDERS PURSUANT TO )
18 U.S.C. § 2703(d), SEEKING CERTAIN )         MISC. NO.
INFORMATION ASSOCIATED WITH EMAIL )
ACCOUNT ▮▮▮▮▮▮▮▮, STORED )         3:19mj109(RMS)
AT PREMISES CONTROLLED BY Google )
LLC; EMAIL ACCOUNT ▮▮▮▮▮▮▮▮ )
▮, STORED AT PREMISES CONTROLLED )         **Filed Under Seal**
BY MICROSOFT ONLINE SERVICES; )
ICLOUD ACCOUNT DSID ▮▮▮▮▮▮, )
ASSOCIATED WITH ▮▮▮▮▮▮▮▮; )
AND ICLOUD ACCOUNT DSID ▮▮▮▮▮, )
ASSOCIATED WITH ▮▮▮▮▮▮▮▮, )         January 18, 2019
WHICH LATTER TWO ACCOUNTS ARE )
STORED AT PREMISES CONTROLLED )
BY ▮▮▮▮▮▮. )
                                             )

CONSOLIDATED APPLICATION OF THE UNITED STATES
FOR FOUR ORDERS PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for four Orders pursuant to 18 U.S.C. § 2703(d). The respective Orders would require the following three, respective Internet service providers – ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ – to disclose certain records and other information pertaining to the email accounts described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

## LEGAL BACKGROUND

1. ██████████████████████████████████████ (the "Service Providers") are all providers of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require each of those three Service Providers to disclose the items described in Part II of Attachment A. See 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. See 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. See 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating ████████████████████████ for failure to register as agent of a foreign government, namely, ████████████████ ████████, in violation of Title 18, United States Code, Section 951. Based upon a combination of open source materials, financial and business records, interviews of individuals and

representatives of certain institutions, other FBI investigations of the ▮ government-directed efforts to recruit ▮ scientists and to obtain ▮ technology, and information provided by a Confidential Human Source ("CHS"), the investigation has disclosed the following facts, among others:

    a. ▮ was born in ▮ and became a naturalized U.S. citizen in or around November 2009. ▮ primary residence and employment are ▮ where he directs a research laboratory and chairs the Department of Biochemistry and Molecular Biology at ▮ located in ▮ (previously known as ▮ he also is listed as the Director of the ▮ ▮.

    b. Between 2004 and 2016, ▮ also has been, respectively, an Associate Research Scientist and then a Research Scientist in the Department of Genetics, ▮ ▮ access to its research laboratory.

    c. The government of ▮ has initiated, funded, and directed a number of programs designed to recruit, obtain, and bring to ▮ from abroad, both top-level scientists and leading-edge technologies. According to ▮, these efforts include the acquisition and development of technologies related to gene editing, stem cells, synthetic biology, regenerative medicine, and biological breeding. At least two sets of ▮ programs have been established to achieve these goals: (1) ▮ and (2) ▮ ▮ Among the ▮ agencies tasked with directing and implementing these

programs are its ██████████████████████████████ Another institution closely intertwined with ██████ government in these same endeavors is ██████ ██████████████████████████████ ██████ is publicly listed as both a constituent member of the ██████████████ top political advisory body, and a long-term partner of ██████████████████ also has branches in other countries, including an American branch known as ██████████. All of those initiatives serve ██████ publicly-declared objective of obtaining and bringing to ██████ from abroad, both top-level scientists and leading-edge technologies.

    d.    The website for ████████████████████████████████ ██████████████ email accounts, as primary contacts for recruiting overseas, high-level research scientists in biochemistry and molecular biology – consistent with ██████ ███████████████████████████████████████████. One of those email accounts is ██████████████████ which account is hosted on the ICloud platform of ██████ and is identified by ██████████████████. The other listed email account is ██████████████ and is separately hosted on two different platforms: ██████ ██████████████████████████████████████████████ 7648.

    e.    In 2014, ██████ also was publicly listed as one of five contact persons for the international recruitment of post-doctoral biomedical experts at ████████ ██████████████████████████████████ that same public posting provided ██████████████████████████████████████████████ as the means for potential recruits to contact ██████.

    f.    ██████ scientific endeavors in the United States include not only his ██████ ██████████████████, but also his role as co-founder of an advanced stem cell research company

in Connecticut, which received substantial start-up financing – approximately $3 million – from ███████.

g. ███ dual affiliations with ███████ a Connecticut-based stem cell research company have provided ███ with access to the highest levels of American research and technology in the fields of molecular genetics and stem-cell research. As recently as October 2018, ███████ records show that on ten occasions that month, ███ physically accessed the facility that houses the ███████. On October 17, 2018, badge access logs showed ███ accessing the facility two times within a four-second interval; and CCTV footage shows ███ entering the building with an unknown individual; hence ███ likely utilized his badge to allow for that unknown individual's unauthorized access to the ███████. Travel records show that ███ from ███ the United States on October 7, 2018, and departed from the United States ███ on October 19, 2018; the ten October incidents of ███████ all occurred between those two dates.

h. ███ likely role as a recruiter for ███ also is indicated by his publicly-posted C.V., which explicitly lists his affiliation with ███████.

i. ███ involvement in recruiting top-level scientific talent for ███ also is further indicated by his having served in past years as the Vice-President and academic committee principal of ███ and by his current role as ███████, that is, the American branch of ███████. In this role, ███ co-hosted in New Haven, ███████ annual national conference, which in invitations to speakers, was captioned as, ███████

■ ███████████████████ ██ government officials seeking to recruit scientists and researchers for ██████ attended this conference as part of its "talents matchup" initiatives. ██ also recently took a leading role in promoting a recruiting trip by a Presidential delegation from his University in ██████████ Boston, the "world's center" of biotechnology research and development.

j. According to a 2018 report by the Office of the U.S. Trade Representative, and a ██ New York Times article written by the ██████████████████████ ████████████████████████████████████████, ██ government's efforts to acquire the fruits of cutting-edge American scientific research and technology – including but not limited to biotechnology – have included intellectual property thefts ████████████████████████████.

k. Other FBI investigations of ██████ efforts to recruit high-level Western scientists through both ████████████████████████████ have shown that ██████ enters into formal contracts with its chosen overseas recruiters, and that it conducts this contracting almost exclusively via email. The recruiting contracts specify what ██████ expects its recruiters to accomplish, and conditions their payment on the recruiters' accomplishment of their specified goals.

l. A query with the Registration Unit of the US Department of Justice's Foreign Agents Registration Act ("FARA") section, in or around September of 2018, revealed that pursuant to the statutes and regulations requiring registration for certain activities by agents of foreign governments under 18 U.S.C. § 951, 22 U.S.C. § 611 et seq. (FARA), and 50 U.S.C. § 851, all search results for ██████████████████ never registered or given notice to the Attorney General of his status as a foreign agent.

REQUEST FOR ORDER

5. The specific and articulated facts set forth in the previous section show that there are reasonable grounds to believe that ▓ is engaged in a violation of the foreign agent registration statute, and that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify both the timing of and the contacts that ▓ has had with agents and representatives of ▓, and thereby assist the United States government's efforts both to locate likely co-conspirators and/or witnesses, and to locate and thereafter obtain any contracts he has entered with ▓ agents as a scientific talent recruiter; it will also help the United States to identify the individuals whom he has targeted for recruitment based on their having the desired scientific and technological knowledge; this will further help identify witnesses and/or additional co-conspirators. All this will assist the government's efforts to identify and confirm the specific nature and scope of ▓ activities as an unregistered foreign agent of ▓ Accordingly, the United States requests that each of the three Service Providers be directed to produce all items described in Part II of Attachment A to the respective, proposed Orders.

6. The United States further requests that the Order require each of the three Service Providers not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order for a time period of one year. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court

order." *Id.* In this case, such an order would be appropriate because the attached court order relates to an ongoing criminal investigation that is neither public nor known to the target and any other potential targets or subjects of the investigation, and its disclosure may alert them targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached, respective court orders will seriously jeopardize the investigation by providing compelling incentives and opportunities for the target and any of his associates or co-conspirators to flee from prosecution, destroy or tamper with evidence, and change patterns of behavior to elude apprehension and prosecution.

7. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

HENRY K. KOPEL
ASSISTANT U.S. ATTORNEY
Federal Bar No. ct24829
157 Church Street, 25th Floor
New Haven, CT 06510
Tel.: (203) 821-3700
Email: henry.kopel@usdoj.gov